```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL BRANCH,                    :     CIVIL ACTION
          Plaintiff,               :
                                   :
          v.                       :
                                   :
JERRY BRANCH, et al.               :
          Defendants.              :     NO. 03-2199
```

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                          November 17 , 2008

When the plaintiff Michael Branch was two years old, the City of Philadelphia's Department of Human Services (DHS), placed him as a foster child with Jerry and Gloria Branch. DHS later approved their adoption of Michael, and paid them a stipend for Michael's care. Unfortunately, according to the complaint, Michael suffered severe abuse at the hands of his new parents, and DHS removed him from the home and then returned him there, where the abuse resumed. Michael has sued the City of Philadelphia and his adoptive parents, alleging state tort claims and violations of his constitutional rights. The City has moved for summary judgment.

The case is a difficult one. In order to establish liability against the City, the plaintiff must have a special relationship with it, which requires 1) evidence of a protected interest and a sufficient relationship with the defendant to state a cause of action; 2) conduct egregious enough to shock the conscience and thereby violate the plaintiff's constitutional rights; and 3) deliberate indifference. <u>J.H. v. City of Philadelphia</u>, Civil Action No. 06-2220 slip op. at 10 (E.D. Pa.

Aug. 19, 2008) (Pratter, J.).  To establish deliberate indifference, the plaintiff must be able to prove that an official was aware of facts suggesting a substantial risk of serious harm to the plaintiff, and the official was able to draw the inference the plaintiff was likely to be harmed.  See Farmer v. Brennan, 511 U.S. 825 (1994).

The City relies upon DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989), in which the Supreme Court held that the state's failure to protect a child from his violent biological father did not constitute a violation of due process.  The plaintiff looks to Nicini v. Morra, 212 F.3d 798 (3d Cir. 2000), where the Court of Appeals for the Third Circuit held that foster children have a substantive due process right to be free from harm at the hands of state-regulated foster parents.  In this case, Michael started out as a foster child placed with Mr. and Mrs. Branch.  The City, through its Department of Human Services, later approved their request to adopt Michael.  The City argues that once the adoption was complete, Michael was legally no different from a natural child and therefore it had no duty to protect him.

There is no evidence that the City had any reason to suspect before the adoption that the Branches were not suitable adoptive parents for Michael.  Although the City agreed to pay a stipend and medical expenses for Michael until he reached the age of 18, there is no evidence that the adoption was in any way conditional.  At the time the abuse occurred, Michael had been

adopted for several years and the Branches were his legal parents.

Because any harm suffered by Michael occurred at the hands of his legal parents, and because there is no evidence that the City could have foreseen this happening before the adoption, I find that as a matter of law the City cannot be liable for the harm suffered by Michael Branch.

An appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MICHAEL BRANCH,                    :      CIVIL ACTION
      Plaintiff,              :
                              :
      v.                      :
                              :
JERRY BRANCH, *et al.*             :
      Defendants.             :      NO. 03-2199

## O R D E R

AND NOW, this 17th day of November 2008, upon consideration of the City of Philadelphia's Motion for Summary Judgment and the response thereto, and after oral argument,

IT IS hereby ORDERED that the Motion is GRANTED.  Judgment is granted IN FAVOR OF Defendant, CITY OF PHILADELPHIA, and AGAINST Plaintiff, MICHAEL BRANCH.

IT IS further ORDERED that the Department of Human Services is DISMISSED as a defendant as it is not an entity capable of being sued.

                                              BY THE COURT:


                                              /s/ John P. Fullam
                                              Fullam,          Sr. J.